IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-417-BO

CHRISTOPHER E. BUCKNER, )
        Plaintiff, )
         )
v. ) **ORDER**
         )
UNITED PARCEL SERVICE, INC., )
        Defendant. )

      This matter is before the Court on defendant's motion to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE 8]. The matter has been fully briefed and is ripe for ruling. For the reasons discussed below, the motion to dismiss is granted.

      This is plaintiff's fourth lawsuit against United Parcel Service ("UPS"), now his former employer. *See Buckner v. United Parcel Service, Inc.*, 2012 WL 1596726 (E.D.NC. May 7, 2012); *Buckner v. United Parcel Service, Inc.*, 2015 WL 5603369 (E.D.N.C. Sept. 23, 2015); *Buckner v. United Parcel Service, Inc.*, 2016 WL 6477048 (E.D.N.C. Oct. 6, 2016). In this version of his complaint, plaintiff seeks injunctive and monetary relief for the alleged injuries arising out of his termination and subsequent grievance hearing.

      Plaintiff, appearing *pro se*, has asserted four state law claims: fraud, negligence, defamation *per se* and defamation. UPS moved to dismiss those claims under the following defenses: res judicata, preemption under §301 of the Labor Management Relations Act ("LMRA"), and for failing to state a claim upon which relief could be granted.

      A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on

a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). In evaluating a motion to dismiss, a court may consider the pleadings and any materials "attached or incorporated into the complaint." *E.I. duPont de Nemours & Co. v. Kolon Indus. Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Plaintiffs appearing *pro se* are entitled to a certain amount of leniency. *Estelle v. Gamble*, 429 U.S. 97, 106, (1976). However, they are not freed from the responsibility to follow the Federal Rules of Civil Procedure.

As was noted above, all of plaintiff's claims stem from his termination from UPS and the unfavorable resolution of his grievance hearing. Buckner's most recent lawsuit against UPS also asserted claims grounded in his dismissal. Therefore, res judicata applies.

The purpose of res judicata is to prevent parties from contesting matters that "they have had a full and fair opportunity to litigate." *Montana v. United States*, 440 U.S. 147, 153–54 (1979). The Fourth Circuit applies a transactional approach. Claims based on the same underlying transaction as a previous lawsuit, which could have been brought in that previous suit, are barred. *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013). Related claims cannot be divvied up across multiple lawsuits, even if some claims were not originally brought in the first lawsuit. *Peugeot Motors of Am., Inc. v. E. Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir. 1989). While res judicata does not apply to claims that did not exist at the time

of the previous lawsuit, "it is the existence of the present claim, not party awareness of it, that controls." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

Plaintiff's claims are barred by res judicata. All of plaintiff's claims are based on the end of his employment relationship with UPS, as they were in his previous lawsuit. The common nucleus of operative fact remains the same, from his discharge in May 2016 to his hearing in July 2016. During all this time, Plaintiff's third suit against UPS was pending, and it was not dismissed until October 2016. Plaintiff's claims either were litigated, or could have and should have been litigated at that time.

Additionally, §301 of the LMRA applies here, and preempts all state law claims. 29 U.S.C. §185. A claim requiring the interpretation of a CBA falls within §301 of the LMRA. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368 (1990); *see also Buckner v. United Parcel Service, Inc.*, 2016 WL 6477048 (E.D.N.C. Oct. 6, 2016). Like in his previous complaints, plaintiff's claims turn on interpretations of the collective bargaining agreement ("CBA"). The grievance hearing he is suing about was conducted directly pursuant to the CBA. To assert claims under the LMRA, plaintiff would need to make allegations he fails to do. Plaintiff did not meet the six-month statute of limitations, as all the alleged activities that gave rise to his complaint took place in July 2016, and he filed this lawsuit in July 2017. Plaintiff has not pled the elements of §301, which would include exhaustion of his administrative remedies, a breach of the duty of fair representation, and a breach of the CBA itself.

Alternatively, Plaintiff has failed to allege facts to state any claim under North Carolina law. Such claims must be pled with reasonable particularity and must state plausible grounds for relief. None of plaintiff's claims do so. Therefore, all of his state law clams would be dismissed even if neither res judicata nor the LMRA applied here.

Therefore, Defendant's motion to dismiss [DE 8] is GRANTED. This Court directs the clerk to enter judgment and close the case.

SO ORDERED, on this __1__ day of November, 2017

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE