IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-417-BO

CHRISTOPHER E. BUCKNER,  )
    Plaintiff,  )
  )
v.  ) **ORDER**
  )
UNITED PARCEL SERVICE, INC.,  )
    Defendant.  )

This matter is before the Court on plaintiff's motion for reconsideration. [DE 20]. Defendant has replied [DE 22] and the matter is ripe for ruling. The motion is denied.

Plaintiff's suit, his fourth filed in this district against the United Parcel Service, was dismissed on November 1, 2017. [DE 18]. Judgment was entered on November 2, 2017. [DE 19]. Plaintiff's claims were dismissed because they were barred by res judicata, preempted by § 301 of the Labor Management Relations Act, did not properly allege a § 301 violation, and failed to state a claim upon which relief could be granted.

A motion to reconsider under Federal Rule of Civil Procedure 59(e) should be granted in three limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." *Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005). The rule is not designed to allow for "reargument of the very issues that the court has previously decided." *DeLong v. Thompson*, 790 F. Supp. 594 (E.D. Va. 1991).

Plaintiff is proceeding *pro se* and therefore his pleading should be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, nothing in his motion approaches the standard for reconsideration laid out by the Fourth Circuit. The law has not changed; new

evidence has not become available; and he presents no plausible argument regarding a clear error of law or of manifest injustice. Accordingly, nothing in plaintiff's motion warrants reconsideration of this Court's previous holding. The motion [DE 20] is denied.

SO ORDERED, on this 19 day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE